FILED

MAY 22 2007

D W. WIEKING
S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR- 07-242 HRL |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| RAUL RODRIGUEZ-GUTIERREZ, | |
| Defendants. | |

On May 10, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Dismiss with Prejudice for violation fo the Speedy Trial Act, 18 U.S.C. Sections 3161(b), (h)(1)(H) and 3162(a)(1).[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss with Prejudice is Granted.

I. **FACTUAL BACKGROUND**

On April 5, 2006, the Original Complaint was filed charging defendant with a felony violation of 18 U.S.C. section 1542, which provides penalties for anyone who: " willfully and

---

[1]  The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

1  knowingly makes a false statement in an application for passport with intent to induce or secure
2  the issuance of a passport under the authority of the United States."
3        Almost a year later, on February 14, 2007, he was arrested by the Marshals in the District
4  of Oregon and brought before the Magistrate Judge in Medford on February 15, 2007. He
5  waived his removal hearing and was ordered removed to the Northern District of California.
6  Thus the saga began.
7        First, the order for removal was not received by the clerk's office in Medford until
8  February 25, 2007, ten days later. The marshal did not see the order until February 26, 2007. By
9  this time the defendant had been transferred to Lane City, Oregon . Defendant had been in
10 Marshal's custody in Jackson City, Oregon from February 14 until February 23, 2007.
11 Defendant then was held in Lane City, Oregon until March 6, 2007. Next he was transferred to
12 Multnomah, Oregon where he remained until March 9, 2007. From there he went to Sheridan,
13 Oregon until April 10, 2007 and he finally ended up in the facility in Dublin, California on April
14 13, 2007. His first appearance in the Northern District of California was on April 16, 2007 when
15 counsel was appointed. On April 19, 2007 the defendant orally moved for dismissal based on
16 violations of the Speedy Trial Act, 18 United States Code Sections 3161 and 3162.
17       On April 20, 2007, the United States filed a superseding information charging a violation
18 of 18 U.S.C. Section1028(a), Fraud and Related Activity in Connection with Identification
19 Documents, a class A misdemeanor. The defendant was arraigned on this new charge on April
20 30, 2007.

## II. DISCUSSION

### A.  Dismissal Is Warranted

The defense has filed a motion to dismiss the misdemeanor case with prejudice for violations of the Speedy Trial Act, which provides in relevant part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1). According to the defense's mathematical calculation, sixty-three days elapsed from the time the defendant was arrested to the date of the filing of the information in this case. Pursuant to 18 U.S.C. Section 3161(h)(1)(H), ten days are allowed for travel. Subtracting the ten days allowed for travel from the sixty-three days equals fifty-three days. Subtracting the thirty days allowed pursuant to section 3161(b), if even applicable, for the time between arrest and filing of the information or indictment leaves 23 days beyond anything anticipated by the Speedy Trail Act.

The United States argues that because the Defendant has not been charged with the original felony and has instead been charged with the misdemeanor, the misdemeanor charge cannot be dismissed. The Court believes and understands that the United States may have always intended and did ultimately offer the defendant the misdemeanor version of the original offense. That offering does not appear to cure the speedy trial problem in this case.

The underlying problem is the long and complicated journey of the defendant to the charging district. This was only a journey between neighboring states, not across the country. The filing of a superseding information does not erase the time that Defendant spent "lost" in the custody of the United States.

**B.   Dismissal With Prejudice is Warranted**

18 U.S.C. Section 3162(a)(1) teaches that:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. §3162(a)(1). In this case, the offense, a misdemeanor, is one of the less serious offenses prosecuted in this court. Additionally, the Speedy Trial Act sets firm limits on the government's ability to seize individuals. Accordingly, allowing the United States to reprosecute Defendant after violating the Speedy Trial Act would have a negative impact on the administration of both the Speedy Trial Act and the administration of Justice.

//

//

**III. CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that this case is DISMISSED with PREJUDICE.

IT IS SO ORDERED.

Dated: May 22, 2007

PATRICIA V. TRUMBULL
United States Magistrate Judge